UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. _3:11cv-103-S

TROY BENNETT                                                                    PLAINTIFF

vs.                                    **VERIFIED COMPLAINT**

KELLEY CONSTRUCTION, INC.                                        DEFENDANT
12550 LAKESTATION PLACE
LOUISVILLE, KY 40299

  Serve:  JOSEPH T. KELLEY JR.
     3560 BASHFORD AVENUE
     LOUISVILLE,  KY 40218

* * * * * * * * * *

## NATURE OF CLAIM

This is a proceeding for monetary damages: to redress the deprivation of rights secured to the Plaintiff, Troy Bennett, under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. ("FLSA"); and under Kentucky's Wages and Hour Law, for failure to pay overtime wages and other violations.

## JURISDICTION AND VENUE

1.  The jurisdiction of this Court is invoked pursuant to U.S.C. §1331, 28 U.S.C. §1343 (3) and (4) conferring original jurisdiction upon this Court of any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of civil rights and under 28 U.S.C. §1337 conferring jurisdiction of any civil action arising under any Act of Congress regulating interstate commerce.

1

2. This Court's supplementary jurisdiction of claims arising under the Laws of the Commonwealth of Kentucky is also invoked .

3. Venue is appropriate in the Western District of Kentucky since the allegations arose in this district and the Plaintiff resides in this district.

## THE PARTIES

4.    The Plaintiff, Troy Bennett, is a resident of Jefferson County, Kentucky.

5.    The Defendant, Kelley Construction, Inc. ("Kelley") is a Kentucky corporation licensed to do business under the laws of the Commonwealth of Kentucky, and the Defendant is doing business in the Commonwealth of Kentucky with its principal offices located at 2550 Lake Station Place, Louisville, KY 40299.

6.    At all relevant times, the Defendant Kelley has been, and continues to be, an "employer" engaged in the interstate "commerce" in the production of "goods" for "commerce" within the meaning of the Federal Fair Labor Standards Act ("FLSA"), FLSA, 29 U.S.C. § 203, and has had gross operating revenues in excess of the $500,000.00 threshold test for the "enterprise" requirement under the FLSA.

7.    At all times material herein, the Plaintiff is entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

8.    The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

9.    The Court also has jurisdiction over the state-law claims under 28 U.S.C. §1367

2

because those claims are so related to the federal claim that they form part of the same case or controversy, and, as fully described in detail herein, the Plaintiff's state and federal claims arise out of a common nucleus of operative fact that give rise both to the Plaintiff's federal and state law claims as set forth below.

## FACTUAL BACKGROUND

10.    The Plaintiff was employed as a construction manager and worked for the Defendant Kelley from January 29, 2010, to August 3, 2010.

11.    At all relevant times, the Defendant Kelley has been, and continues to be, an "employer" engaged in the interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of FLSA, 29 U.S.C. § 203, and has had gross operating revenues in excess of the $500,000.00 threshold test for the "enterprise" requirement under the FLSA.

12.    At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201 et seq, and under Kentucky's Wages and Hours Law, KRS 337.275 – 337.405 *et seq*.

## OVERTIME CLAIMS

13.    The FLSA defines the "regular rate" as all remuneration for employment paid to or on behalf of the employee, before any deductions from wages are made. (See 29 U.S.C. §207(e); 29 C.F.R. §778.109.)

14.    The FLSA, 29 U.S.C. § 207(a)(1) and KRS 337.275 – 337.405 *et seq*, regulates the payment of overtime pay by employers whose employees are engaged in interstate commerce or engaged in the production of goods for commerce, or who are employed in an enterprise

engaged in commerce or in the production of goods for commerce.

15.    The Defendant Kelley is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and its employees are engaged in interstate commerce.

16.    At all relevant times, the Plaintiff entered into a written agreement under which the Plaintiff agreed to work for the Defendant Kelley as a construction manager, and the Plaintiff worked as a construction manager for the Defendant Kelley from January 29, 2010, to August 2, 2010.

17.    At all relevant times, the Defendant Kelley misclassified the Plaintiff as an "exempt" employee for the purposes of the FLSA and the Kentucky Law on Wages and Hours,

18.    At all relevant times as a construction manager and throughout his tenure with the Defendant Kelley, the Plaintiff was to be paid an annual salary of $52,000, payable at the rate of $1,000 on a weekly basis, and $4.00 per diem for food while the Plaintiff worked out of town.

19.    At all relevant times during his employment with the Defendant Kelley, the Plaintiff's duties, as a construction manager, required the Plaintiff to work more than forty hours in a week, many weeks working between 70 and 80 hours in a week, including hours before and after his normal time.

20.    For the weeks that the Plaintiff worked more than forty hours a week, the Plaintiff was paid only $1000 on a weekly basis.

21.    At other times during his employment with the Defendant Kelley, the Defendant's work schedules did not require the Plaintiff to work forty hours in a week.

22.    For the weeks that the Plaintiff worked less than forty hours a week, the Plaintiff

was not paid $1000 on a weekly basis, but instead, the Defendant Kelley paid the Plaintiff on an hourly basis for the time the Plaintiff actually worked.

23.    The Defendant Kelley violated the FLSA by failing to pay his regular salary during the weeks the Plaintiff worked less than forty hours in a week.

24.    As a result of not paying the Plaintiff for his time worked, the Defendant Kelley implemented a practice of failing to pay for all overtime hours worked by the Plaintiff by the following means:

A.    The Defendant Kelly intentionally misclassified the Plaintiff as an exempt worker for the purposes of the FLSA and Kentucky's Wages and Hours Law

B.    The Defendant Kelley did not allow the Plaintiff to record all his hours worked in excess of forty per work week;

C.    The Defendant Kelley intentionally erased or modified the Plaintiff's recorded hours, and required the Plaintiff to delete, eliminate, reduce or modify his recorded hours worked in excess of forty per work week;

D.    In the weeks that the Plaintiff worked less than forty hours per week, the Defendant Kelley intentionally paid the Plaintiff on an hourly basis;.

E.    In the weeks that the Plaintiff worked more than forty hours per week, the Defendant Kelley intentionally paid the Plaintiff $1000 or for only forty hours of work at the rate of $25.00 per hour, and $4.00 per diem for food while the Plaintiff worked out of town.

25.    The Defendant Kelley could have easily and accurately recorded the actual time

worked by the Plaintiff, including, for example, by providing a time-keeping system that was without manipulation of the hours submitted by the Plaintiff.

26.    As result of the Defendant Kelley not paying the Plaintiff his entire salary during the weeks when the Plaintiff worked less than forty hours per week, the Defendant Kelley willfully and intentionally engaged in the practice of treating the Plaintiff as an hourly employee which is a FLSA violation and a violation of Kentucky's Wages and Hours law.

**WHEREFORE**, the Plaintiff, Troy Bennett, respectfully requests judgment against the Defendant, Kelley Construction, Inc, for:

1.    Overtime compensation in the amount due to Plaintiff for Plaintiff's time worked in excess of forty (40) hours per work week;

2.    Liquidated damages in an amount equal to the overtime award;

3.    Reasonable attorney fees, costs, and expenses of the litigation pursuant to 29 USC §216(b);

4.    Prejudgment interest and any other further relief the Court deems just and proper.

### J U RY DEMAND

The Plaintiff demands a trial by jury on all issues so triable as a matter of right by jury.

Respectfully

George R. Carter
710 Barret Avenue
Louisville, Kentucky 40204
(502)419-7157
Counsel for Plaintiff

6

## VERIFICATION

I hereby certify that I have read the above Complaint and that the information contained therein is true and correct to the best of my knowledge and belief.

_Troy Bennett_
Troy Bennett

Subscribed, acknowledged and sworn to before me by Troy Bennett this 22nd day of February 2011.

My Commission Expires: _December 23, 2014_ .

_Janice L. Prichard_
NOTARY PUBLIC, STATE AT LARGE

7



